UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| *versus* | :    CRIMINAL NO. 24-86-SDD-EWD |
| | : |
| JAMES S. BURLAND | : |

(handwritten: JWD)

## PLEA AGREEMENT

The United States Attorney's Office for the Middle District of Louisiana (the "United States") and James S. Burland (the "defendant") hereby enter into the following plea agreement pursuant to Fed. R. Crim. P. 11(c).

**A.   DEFENDANT'S OBLIGATIONS**

**1.   Guilty Plea**

Defendant agrees to enter a plea of guilty to a Bill of Information charging him with Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).

**2.   Financial Information**

Defendant agrees to fully and truthfully complete the financial statement provided to him by the United States and to return the financial statement to the United States within ten days of this agreement being filed with the Court. Further, defendant agrees to provide the United States with any information or documentation in his possession regarding his financial affairs and to submit to a debtor's examination upon request. Any financial information provided by defendant may be used by the United States to collect any financial obligations imposed in this prosecution and may be considered by the Court in imposing sentence.

3.  **Sex Offender Registration Requirements**

Defendant understands that by pleading guilty to Possession of Child Pornography as charged in the Bill of Information, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Louisiana following release from prison, he will be subject to the registration requirements of the State of Louisiana. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, defendant shall initially register with the state sex offender registration in Louisiana, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. Defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

    **4.**    **Waiver of Indictment**

Defendant agrees to waive indictment in open court at arraignment.

**B.**    **UNITED STATES' OBLIGATIONS**

    **1.**    **Non-prosecution of Charges**

The United States agrees that, if the Court accepts defendant's guilty plea, it will not prosecute defendant for any offense related to the offense charged in the Bill of Information.

    **2.**    **Motion for Third Point for Acceptance of Responsibility**

The United States acknowledges that defendant has assisted authorities in the investigation or prosecution of defendant's own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources efficiently. The United States therefore agrees that, if the Court finds that defendant qualifies for a two-level decrease in offense level for acceptance of responsibility under USSG § 3E1.1(a) and, prior to the operation of USSG § 3E1.1(a), defendant's offense level is 16 or greater, the United States will move the Court pursuant to USSG § 3E1.1(b) to decrease defendant's offense level by one additional level. The United States reserves the right to object to a decrease in offense level for acceptance of responsibility based on information received by the United States after the effective date of this agreement, including information that defendant failed to timely submit the financial statement required by Section A(2) of this agreement.

**C.**    **SENTENCING**

    **1.**    **Maximum Statutory Penalties**

The maximum possible penalty is a mandatory term of imprisonment of not more than 20 years, a fine of $250,000, and a term of supervised release of not less than five years and up to life.

In addition to the above, the Court must impose a special assessment of $100, which is due at the time of sentencing. The Court may also enter an additional order of special assessment of not more than $17,000. *See* 18 U.S.C. § 2259A(a)(1). Furthermore, unless the Court determines that defendant is indigent, defendant must pay an additional mandatory special assessment of $5,000. The Court must also order restitution.

2.  **Supervised Release**

Supervised release is a period following release from imprisonment during which defendant's conduct is monitored by the Court and the United States Probation Office and during which defendant must comply with certain conditions. Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject defendant to imprisonment over and above any period of imprisonment initially ordered by the Court for a term of up to two years, without credit for any time already served on the term of supervised release.

3.  **Sentencing Guidelines**

The Court will determine in its sole discretion what defendant's sentence will be. While the Court must consider the United States Sentencing Guidelines in imposing sentence, the Sentencing Guidelines are not binding on the Court. The Court could impose any sentence up to the maximum possible penalty as set out above despite any lesser or greater sentencing range provided for by the Sentencing Guidelines.

4.  **No Agreement Regarding Sentencing**

Except as set forth in this agreement and the supplement to the plea agreement, the United States makes no promises, representations, or agreements regarding sentencing. In particular, the United States reserves the right to present any evidence and information, and to make any argument to the Court and the United States Probation Office regarding sentencing.

5. **Agreement Regarding Restitution**

Defendant and the United States agree, pursuant to 18 U.S.C. § 3663(a)(3), that the Court shall not be limited to the count of conviction for purposes of ordering restitution. Specifically, as a condition of this plea agreement, defendant agrees that the Court can order full restitution to any victims identified by the United States Probation Office and determined by the Court to be victims, for the entirety of defendant's conduct, as described in the Bill of Information and the factual basis (below), even if such losses resulted from crimes not charged or admitted by defendant in the factual basis. Defendant agrees and understands that the Court can order restitution to all such victims in an amount to be determined by the Court at or prior to sentencing. Defendant will not oppose court-ordered restitution that is imposed at sentencing.

6. **Forfeiture**

Defendant admits that he owns the property identified in the Notice of Forfeiture in the Bill of Information and that such property was used to commit the offense charged or to facilitate the offense charged. He therefore agrees to forfeit his interest in such property and consents to the entry of orders of forfeiture for such property.

Defendant understands that forfeiture of his property will not be treated as satisfaction of any fine, restitution, cost of imprisonment, or other penalty which may be imposed upon him as part of his sentence. Defendant further understands that, separate and apart from his sentence in this case, the United States may also institute civil or administrative forfeiture proceedings of any property, real or personal, which is subject to forfeiture. Defendant agrees to waive his interest in the property identified in the Notice of Forfeiture in the Bill of Information in any such civil or administrative forfeiture proceeding.

Defendant agrees to fully and truthfully disclose the existence, nature, and location of all assets and to fully and completely assist the United States in the recovery and forfeiture of all forfeitable assets, including taking all steps as requested by the United States to pass clear title to forfeitable assets to the United States. Defendant agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property pursuant to the Court's forfeiture orders.

Defendant hereby waives the following: (1) all statutory and constitutional defenses to the forfeiture, including any claim that the forfeiture constitutes an excessive fine or punishment; (2) any failure by the Court to ensure at sentencing that defendant is aware of the forfeiture or to incorporate the forfeiture in the judgment as required by Fed. R. Crim. P. 32.2(b)(4)(B); and (3) any failure by the Court to inform defendant of, and determine that defendant understands, the applicable forfeiture prior to accepting defendant's plea.

**D.    FACTUAL BASIS**

The United States and defendant stipulate to the following facts:

Between on or about November 11, 2022, and on or about April 9, 2024, in the Middle District of Louisiana and elsewhere, James S. Burland, the defendant herein, did knowingly possess files containing images of child pornography, as defined in Title 18, United States Code, Section 2256, that involved prepubescent minors and minors who had not attained 12 years of age. The files with the images of child pornography were transported in interstate and foreign commerce by various means, including by computer.

Specifically, between on or about November 11, 2022, and on or about April 9, 2024, defendant was a resident of Baton Rouge, Louisiana. During that time, defendant had internet service and an account with an internet-based cloud storage provider. On November 11, 2022, while in Baton Rouge, Louisiana, defendant uploaded one file containing an image of child pornography, as defined in Title 18, United States Code, Section 2256, to his internet-based cloud storage account. Between November 11, 2022, and April 9, 2024, law-enforcement obtained evidence that defendant possessed another 173 files with images containing child pornography, as described above, in his internet-based cloud storage account, and possessed additional images of child pornography, as defined above, on defendant's personal computers and storage devices that he maintained in his residence and

professional office, with both located in Baton Rouge, Louisiana. In total, defendant knowingly possessed a minimum of 150 files knowing that they contained images of child pornography, to include images depicting prepubescent minors and minors who had not attained 12 years of age. Defendant knowingly obtained and possessed all files containing images of child pornography by downloading them from the internet using his personal computer, with every file having been shipped and transported in and affecting interstate commerce.

Defendant admits that, to the best of his knowledge and belief, the stipulated statement of facts is true and correct in all respects. The United States and defendant agree that, had this matter gone to trial, the United States could have proved such facts. The United States and defendant further agree that such facts are sufficient to support a conviction of the offense to which defendant has agreed to plead guilty. Defendant understands that, by the terms of USSG § 6B1.4, the Court is not limited by the stipulated facts for purposes of sentencing. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation and any other relevant information.

### E.   **BREACH AND ITS CONSEQUENCES**

#### 1.   **Conduct Constituting Breach**

Any of the following actions by defendant constitute a material breach of this agreement:

    a.    failing to plead guilty to the Bill of Information at arraignment;

    b.    representing, directly or through counsel, to the United States or the Court that he will not plead guilty to the Bill of Information;

    c.    moving to withdraw his guilty plea;

    d.    filing an appeal or instituting other post-conviction proceedings not authorized in Section F(2);

    e.    disputing or denying guilt of the offense to which defendant has agreed to plead guilty or denying or disputing any fact contained in the stipulated factual basis;

    f.    failing or refusing to waive indictment in open court at arraignment;

    g.    concealing or disposing of assets with the specific intent of shielding such assets from forfeiture;

    h.    providing false, misleading, or incomplete information or testimony, including financial information and testimony provided pursuant to Section A(2), to the United States; or

    i.    violating the terms of this agreement or the supplement to the plea agreement in any other manner.

## 2. **Consequences of Breach**

In the event of a breach by defendant, the United States is relieved of its obligations under the agreement and the supplement to the plea agreement. In particular, the United States may prosecute defendant for any criminal offense. In addition, any statements and information provided by defendant pursuant to this agreement (or the supplement to the plea agreement) or otherwise, and any information and evidence derived therefrom, may be used against defendant in this or any other prosecution or proceeding without limitation. Such statements and information include, but are not limited to, the plea agreement itself (including the factual basis contained in Section D), the supplement to the plea agreement, statements made to law enforcement agents or prosecutors, testimony before a grand jury or other tribunal, statements made pursuant to a proffer agreement, statements made in the course of any proceedings under Rule 11, Fed. R. Crim. P. (including defendant's entry of the guilty plea), and statements made in the course of plea discussions. Defendant expressly and voluntarily waives the protection afforded by Fed. R. Evid. 410 as to any statements made by him personally (but not as to statements made by his counsel). Defendant is not entitled to withdraw his guilty plea.

## 3. **Procedure for Establishing Breach**

The United States will provide written notice to defendant or his attorney if it intends to be relieved of its obligations under the agreement and the supplement to the plea agreement as a result of a breach by defendant. After providing such notice, the United States may institute or proceed

with any charges against defendant prior to any judicial determination regarding breach. However, the United States will obtain a judicial determination regarding breach prior to using statements and information provided by defendant or any act of producing documents or items by defendant pursuant to this agreement or the supplement to the plea agreement, or any evidence or information derived therefrom, in its case-in-chief in a criminal trial or in sentencing defendant in this case. The standard of proof in any proceeding to determine whether the plea agreement or the supplement to the plea agreement has been breached is preponderance of the evidence. To prove a breach, the United States may use (1) any and all statements of defendant, (2) any and all statements of his counsel to the Court (including the United States Probation Office), and (3) any representation by defense counsel to the United States that defendant will not plead guilty.

F.   **WAIVERS BY DEFENDANT**

   1.   **Waiver of Trial Rights**

By pleading guilty, defendant waives the right to plead not guilty or to persist in a not guilty plea and waives the right to a jury trial. At a trial, defendant would have the trial rights to be represented by counsel (and if necessary have the Court appoint counsel), to confront and examine adverse witnesses, to be protected against compelled self-incrimination, to testify and present evidence, to compel the attendance of witnesses, and to have the jury instructed that defendant is presumed innocent and the burden is on the United States to prove defendant's guilt beyond a reasonable doubt. By waiving his right to a trial and pleading guilty, defendant is waiving these trial rights.

   2.   **Waiver of Appeal and Collateral Remedies**

Except as otherwise provided in this section, defendant hereby expressly waives the right to appeal his conviction and sentence, including any appeal right conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and to challenge the conviction and sentence in any post-conviction

proceeding, including a proceeding under 28 U.S.C. § 2241, 28 U.S.C. § 2255, or 18 U.S.C. § 3582(c)(2). This waiver applies to any challenge on appeal or in any post-conviction proceeding to any aspect of defendant's sentence, including imprisonment, fine, special assessment, restitution, forfeiture or the length and conditions of supervised release or probation. Defendant, however, reserves the right to appeal the following: (a) any sentence which is in excess of the statutory maximum; (b) any sentence which is an upward departure pursuant to the Sentencing Guidelines; and (c) any non-Guidelines sentence or "variance" which is above the guidelines range calculated by the Court. Notwithstanding this waiver of appeal and collateral remedies, defendant may bring any claim of ineffectiveness of counsel.

3.  **Waiver of Statute of Limitations**

Defendant hereby waives all defenses based on the applicable statutes of limitation as to the offense charged in the Bill of Information and all offenses that the United States has agreed not to prosecute, as long as such offenses are not time-barred on the effective date of this agreement. Defendant likewise waives any common law, equitable, or constitutional claim of pre-indictment delay as to such offenses, as long as such offenses are not time-barred on the effective date of this agreement. The waivers contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

4.  **Waiver of Speedy Trial Rights**

Defendant hereby waives any common law, equitable, or constitutional claim regarding post-indictment delay as to the offense charged in the Bill of Information. The waiver contained in this paragraph will expire one year after the date of any of the following: (1) a judicial finding that defendant has breached the plea agreement; (2) the withdrawal of any plea entered pursuant

to this plea agreement; or (3) the vacating of any conviction resulting from a guilty plea pursuant to this plea agreement.

G.  **EFFECT OF AGREEMENT**

   1.  **Effective Date**

   This agreement and the supplement to the plea agreement are not binding on any party until both are signed by defendant, defendant's counsel, and an attorney for the United States. Once signed by defendant, his counsel, and an attorney for the United States, the agreement and the supplement are binding on defendant and the United States.

   2.  **Effect on Other Agreements**

   This agreement incorporates the supplement to the plea agreement which will be filed under seal with the Court. In this district, the Court requires that a sealed supplement be filed with every plea agreement regardless of whether defendant is cooperating. The supplement either states that defendant is not cooperating or provides the terms of defendant's agreement to cooperate. This plea agreement, along with the aforementioned supplement to the plea agreement, supersedes any prior agreements, promises, or understandings between the parties, written or oral, including any proffer agreement.

   3.  **Effect on Other Authorities**

   The agreement does not bind any federal, state, or local prosecuting authority other than the United States Attorney's Office for the Middle District of Louisiana.

   4.  **Effect of Rejection by Court**

   Pursuant to Fed. R. Crim. P. 11, the Court may accept or reject this plea agreement and the supplement to the plea agreement. If the Court rejects the plea agreement and the supplement, the plea agreement and the supplement are no longer binding on the parties and are not binding on the Court. If the Court rejects the plea agreement and the supplement, defendant will be given the

opportunity to withdraw his plea and such withdrawal will not constitute a breach of the agreement. If defendant does not withdraw his plea following rejection of the plea agreement and the supplement, the disposition of the case may be less favorable to defendant than contemplated by the plea agreement.

**H.   REPRESENTATIONS AND SIGNATURES**

   **1.   By defendant**

I, James S. Burland, have read this plea agreement and have discussed it with my attorney. I fully understand the agreement and enter into it knowingly, voluntarily, and without reservation. I have not been threatened, intimidated, pressured, or coerced in any manner. I am not under the influence of any substance or circumstance that could impede my ability to understand the agreement and its consequences.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made, agreed to, or imposed by the United States in connection with my decision to plead guilty except those set forth in this agreement and the supplement to the plea agreement.

I acknowledge that no promises or assurances have been made to me by anyone as to what my sentence will be. I understand that representations by my attorney (or anyone else) regarding application of the Sentencing Guidelines and/or my possible sentence are merely estimates and are not binding on the Court.

I have read the Bill of Information and discussed it with my attorney. I fully understand the nature of the charge, including the elements. I understand that I am entitled, under the Fifth Amendment of the United States Constitution, to have the charge instituted by a Grand Jury Indictment.

I have accepted this plea agreement and agreed to plead guilty because I am in fact guilty of the offense charged in the Bill of Information.

I am satisfied with the legal services provided by my attorney and have no objection to the legal representation I have received.

_____  DATE: 10/16/2024
James S. Burland
Defendant

2. **By Defense Counsel**

I have read the Bill of Information and this plea agreement and have discussed both with my client, James S. Burland, who is the defendant in this matter. I am satisfied that my client understands the agreement and the charge against him, including the elements. I am also satisfied that he is entering into the agreement knowingly and voluntarily. This agreement, together with the supplement to the plea agreement, accurately and completely sets forth the entire agreement between defendant and the United States.

_____  DATE: 10/23/2024
J. Lane Ewing, Jr.
Counsel for Defendant

_____  DATE: 10/23/2024
Donald J. Cazayoux, Jr.
Counsel for Defendant

3. **By the United States**

We accept and agree to this plea agreement on behalf of the United States. This agreement, together with the supplement to the plea agreement, accurately and completely sets forth the entire agreement between defendant and the United States.

_____          DATE: 10/30/24
Ronald C. Gathe, Jr.
United States Attorney
Middle District of Louisiana

_____          DATE: 10/30/24
Paul L. Pugliese
Assistant United States Attorney
Middle District of Louisiana